UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN STEVENSON,

    Plaintiff,

Case No. 1:09-cv-31

Hon. Robert J. Jonker

v.

MIKE HASKE and
UNKNOWN JANOWIAK,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants' motion to dismiss for failure to exhaust administrative remedies (docket no. 22).

**I.    Background**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff set forth the following allegations in his complaint. On August 3, 2008, while incarcerated in the Oaks Correctional Facility, plaintiff contacted defendant Janowiak and requested to be moved to another cell. Compl. (docket no. 1). Janowiak told plaintiff to contact

defendant Haske. *Id.* A few days later, plaintiff approached Janowiak and stated that he would be harmed if he stayed in the cell. *Id.* Janowiak told plaintiff to send him a kite and that he (Janowiak) would place it on defendant Haske's desk. *Id.* Some days later, Haske denied knowledge of the kite and told plaintiff to get with Janowiak and write him a kite. *Id.* On August 17, 2008, plaintiff's bunkmate woke up cussing and beating the floor with his shoes, apparently killing ants. *Id.* Plaintiff asked him to stop but the other inmate persisted. *Id.* After they exchanged insults, plaintiff repeatedly pressed a button in the room to request assistance. *Id.* The other inmate punched plaintiff until officers arrived. *Id.*

Plaintiff claims that defendants' actions in failing to move him violated his Fourteenth Amendment right to due process and amounted to deliberate indifference in violation of the Eighth Amendment. Plaintiff seeks $100,000.00 for his injuries. Defendants have moved to dismiss plaintiff's action for failure to exhaust administrative remedies. Their motion is unopposed.

## II. Defendants' motion to dismiss

### A. Legal Standard

Defendants seek to dismiss plaintiff's action pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12

2

(6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Exhaustion

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' " *Jones*, 549 U.S. at 218.

Defendants have moved to dismiss this action for lack of exhaustion. A defendant can raise affirmative defenses in a motion to dismiss. *See, e.g., Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (defendant could properly raise the affirmative defense of qualified immunity "based on a pre-answer motion to dismiss"); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement

3

of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief. A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.") (internal quotation marks and citations omitted).

It is appropriate for defendants in a prisoner civil rights action to raise the affirmative defense of failure to exhaust administrative remedies in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir.), cert. denied 129 S. Ct. 733 (2008). "Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense [under the PLRA] . . . is not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Id.* (internal quotation marks omitted).

The Michigan Department of Corrections (MDOC) grievance procedure is an administrative review regulated by the agency's Policy Directives. This court may take judicial notice of plaintiff's grievance filings in this state agency proceeding for purposes of deciding a motion to dismiss. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (a court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion, but may only take judicial notice of facts which are not subject to reasonable dispute); *Marshek v. Eichenlaub*, No. 07-1246, 2008 WL 227333 at *1 (6th Cir. Jan. 25, 2008) (court can take judicial notice of prisoner's transfer as shown in the Bureau of Prison's Inmate locator accessed on the agency's official website); *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd Cir. 1991) ("[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6)

4

motion into one under Rule 56 is largely dissipated"); *Walker v. Woodford*, 454 F.Supp.2d 1007, 1021-23 (S.D. Cal. 2006) (documents pertaining to the prisoner's exhaustion efforts "are part of a state administrative proceeding and may be judicially noticed, not for the truth of their contents but for the fact that the grievance proceeding occurred"); *Eggerson v. United States*, 1: 05-cv-594, 2006 WL 1720252 at *3 (W.D. Mich. June 22, 2006) ("In ruling on a motion under Rule 12(b)(6), the court may supplement the facts alleged in the pleadings by considering facts susceptible to judicial notice under Fed.R.Evid. 201"); *Walker v. Abdellatif*, No. 1:07-cv-1267, 2009 WL 579394 (W.D. Mich. March 5, 2009) (taking judicial notice of MDOC prisoner grievance proceedings in deciding motion to dismiss for lack of exhaustion); *White v. Correctional Medical Services, Inc.*, No. 1:08-cv-277, 2009 WL 596473 (W. D. Mich. March 6, 2009) (same).

Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of the PLRA's "invigorated" exhaustion provision, which Congress enacted to control the "sharp rise in prisoner litigation in the federal courts." *Woodford*, 548 U.S. at 84. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones*, 549 U.S. at 204.

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. Policy Directive 03.02.130 at ¶ P. If

the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

MDOC records reflect that plaintiff raised the claims alleged in this action in a grievance filed against defendants on September 22, 2008. *See* grievance ECF 08-09-1794-28e (docket no. 23-4). The grievance was denied at Step I because it was untimely, having been filed more than one month after the August 17, 2008 incident. *Id.* Plaintiff does not oppose defendants' motion to dismiss for lack of proper exhaustion. Because plaintiff failed to properly exhaust this grievance as required by the PLRA, *see Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93, defendants are entitled to dismissal of this action.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (docket no. 22) be **GRANTED** and that this action be dismissed.


Dated:  December 14, 2009			/s/ Hugh W. Brenneman, Jr.
						HUGH W. BRENNEMAN, JR.
						United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).